IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 14-cv-02438-LTB-KMT

KENDALL HAUGER,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

_____

## ORDER
_____

    This case is before me on Defendant American Family Mutual Insurance Company's ("American Family") Motion for Summary Judgment Regarding Plaintiff's Claims [Doc # 32]. After consideration of the motion, all related pleadings, and the case file, I deny American Family's motion for the reasons set forth below.

### I.  Background

    Based on its failure to pay her underinsured motorist ("UIM") coverage benefits of $300,000, Plaintiff Kendall Hauger ("Hauger") asserts claims against American Family for breach of contract, bad faith, and statutory violations of Colorado law. The following facts are undisputed for purposes of American Family's motion unless otherwise noted.

**A.  Facts Relating to Hauger's Claim for UIM Benefits**

    Hauger was injured in an automobile accident on March 12, 2009. Hauger, through her attorney, Andrew Newcomb, first notified American Family of the March 12, 2009 accident via a general letter of representation dated October 29, 2010. On November 8, 2010, American

Family acknowledged receipt of the October 29, 2010 letter and asked Hauger to complete and return a medical authorization and to submit any bills received to date. Hauger did not respond to American Family's November 8, 2010 communications.

By letter dated December 21, 2010, American Family advised Hauger that if she intended to make a claim for the March 12, 2009, she should contact the adjuster. This letter further advised Hauger that failure to contact the adjustor within 14 days would result in the closure of the file.

On September 16, 2011, Hauger's counsel contacted American Family and was advised that the file would be re-opened and assigned to a new adjustor once certain information about the claim was received. On October 14, 20011, American Family re-opened Hauger's file and assigned it to a new adjustor for medical payment ("medpay") coverage only. Then, by letter dated December 21, 2011, American Family notified Hauger that no medpay coverage was available.

On February 12, 2012, Hauger filed suit relating to the March 12, 2009 accident. Hauger alleges that she filed this lawsuit to preserve claims in light of the applicable 3 year statute of limitations and that she did not anticipate asserting a claim for UIM benefits against American Family at that time.

On February 12, 2013, Hauger underwent a two-level lumbar fusion which resulted in medical expenses in excess of $300,000. Hauger's spinal surgeon, Chad Prusmack, M.D., opined that the March 12, 2009 accident caused Hauger's "pain syndrome" that led to her having spinal surgery.

On April 8, 2013, Hauger notified American Family of her claim for UIM benefits and requested consent to settle the case against the other driver involved in the March 12, 2009 accident for $45,000.  Hauger's April 8, 2013 letter also asked whether American Family wanted to intervene in the lawsuit relating to the March 12, 2009 which was scheduled to commence approximately one month later.  Hauger's April 8, 2013 letter further notified American Family that she had been involved in two additional automobile accidents in 2010.  Hauger settled claims with the parties to the 2010 accidents for a total recovery of $50,000.

At American Family's request, Hauger provided a recorded statement on April 16, 2013. In this statement, Hauger revealed that she had undergone another back surgery in 2007. American Family requested records relating to this previous back surgery but had not received them prior to the commencement of this case.

On April 23, 2013, American Family consented to Hauger's settlement with the other driver from the March 12, 2009 accident.  Then, on August 21, 2013, Hauger's counsel submitted a demand packet to American Family relating to her claim for UIM benefits. By letter dated August 22, 2013, American Family denied Hauger's UIM claim on the basis that "[Hauger] appears to be compensated fully with the underlying settlement of $45,000."

### B. Terms of Hauger's Insurance Policy with American Family

Hauger's insurance policy with American Family provides as follows:

IF **YOU** HAVE AN AUTO ACCIDENT OR LOSS

If **we** are prejudiced by a failure to comply with the following duties, then **we** have no duty to provide coverage under this policy.

A. Notify **Us**

Tell **us** promptly. Give time, place, and details. Include names and addresses of injured persons and witnesses.

B. Other Duties

1. Each person claiming coverage of this policy must also:

a. cooperate with **us** and assist **us** in any manner concerning a claim or suit.

b. promptly send **us** any legal papers received relating to any claim or suit
...

d. Authorize **us** to obtain medical, employment, vehicle and other records and documents **we** request as often as **we** reasonably ask, and permit **us** to make copies.

GENERAL CONDITIONS
Unless otherwise noted, the following conditions apply to all coverages of this policy.
...

6. Cooperation

Any person claiming coverage under this policy must cooperate with **us** in the investigation, settlement and defense of any claim or lawsuit.
...

9. Suit Against **Us**

**We** may not be sued unless all the terms of this policy are complied with.

## II. Standard of Review

The purpose of a summary judgment motion under Rule 56 is to assess whether trial is necessary. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Rule 56 provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The non-moving party

has the burden of showing that there are issues of material fact to be determined. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, interrogatories, and admissions on file together with affidavits, if any, which it believes demonstrate the absence of genuine issues for trial. *Celotex*, 477 U.S. at 323; *Mares v. ConAgra Poultry Co., Inc.*, 971 F.2d 492, 494 (10th Cir. 1992). Once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried. *Otteson v. United States*, 622 F.2d 516, 519 (10th Cir. 1980); Fed. R. Civ. P. 56(e).

If a reasonable juror could not return a verdict for the non-moving party, summary judgment is proper and there is no need for a trial. *Celotex*, 477 U.S. at 323. The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). However, summary judgment should not enter if, viewing the evidence in a light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for that party. *Anderson*, 477 U.S. at 252; *Mares*, 971 F.2d at 494.

### III. Analysis

**A. Hauger's Notice to American Family of the March 12, 2009 Accident**

American Family first argues that Hauger breached her obligation to "promptly" notify American Family as a matter of law because she first provided notice of the March 12, 2009 accident on October 29, 2010, or 19 months after the accident occurred. I disagree.

Under Colorado law, "prompt" notice of an accident to an insurer "call[s] for notice within a reasonable length of time under all the facts and circumstances of each particular case." *Certified Indem. Co. v. Thun,* 165 Colo. 354, 439 P.2d 28, 30 (1968). "Ordinarily, it is a question for the factfinder as to what constitutes a reasonable time for the giving of notice as provided as provided in insurance policies." *Id.* "However, when facts are undisputed and only one inference can be drawn therefrom, it is a question of law for the Court." *Id.*

While there is no dispute that Hauger first notified American Family 19 months after the March 12, 2009 accident occurred, the facts and circumstances of Hauger's claim for UIM benefits arguably support the inference that the timing of Hauger's notice to American Family was nonetheless reasonable. Among other things, there was no litigation relating to the March 12, 2009 accident until February of 2012, and Hauger asserts that she did not know the costs associated with her back injury or the necessity of her corresponding claim for UIM benefits until long after the accident. *See Clementi v. Nationwide Mut. Fire Ins. Co.,* 16 P.3d 223, 226 (Colo. 2001) ("The duty to give notice under UIM policy arises when an insured, with reasonable diligence, can determine that the alleged tortfeason is underinsured."). These same facts and circumstances also create a factual issue as to whether there was a justifiable excuse or extenuating circumstances for Hauger's delay in notifying American Family about the March 12,

2009 accident. *See Thun, supra* ("Failure to notify the insurer within a reasonable time constitutes a breach of the contract requiring a justifiable excuse or extenuating circumstances explaining the delay.").

The terms of Hauger's insurance policy also require that American Family be prejudiced by Hauger's failure to provide prompt notice regarding a claim in order for American Family to be relieved of its coverage obligations. American Family claims that it was prejudiced because Hauger was in two other accidents that also caused injuries to her back and underwent surgery prior to providing notice of the accident. This claim alone does not dictate a finding that American Family was prejudiced as a matter of law by the timing of Hauger's notice of the March 12, 2009 accident. I therefore conclude that there is therefore also a triable issue as to whether American Family was prejudiced by the timing of Hauger's notice.

**B. Hauger's Other Actions Relating to the March 12, 2009 Accident**

American Family argues that Hauger breached other obligations that she had under her insurance policy to cooperate with American Family; to promptly provide copies of documents from the litigation relating to the March 12, 2009 accident; and to provide American Family with access to her medical records, and is therefore precluded from recovery under the policy as a matter of law. I disagree.

Hauger does not dispute most elements of American Family's timeline and version of events. It is therefore clear that, at a minimum, Hauger did not authorize American Family to obtain copies of her medical records upon request or otherwise cooperate fully with its efforts to obtain these records. Again, however, the terms of Hauger's insurance policy require that American Family be prejudiced by Hauger's failure to fulfill her obligations under the policy in

order for American Family to be relieved of its coverage obligations.

Again, American Family has failed to demonstrate that it was prejudiced as a matter of law by Hauger's failure to provide information sooner about the injuries she purportedly sustained in the March 12, 2009 accident and the two other accidents that occurred in 2010. American Family has likewise failed to demonstrate that it was prejudiced as a matter of law by Hauger's failure to provide her medical records or an authorization for their release.

## C.  Hauger's Bad Faith Claim

In its Motion for Summary Judgment, American Family argued that Hauger's claims should fail as a matter of law based on her failure to comply with the terms of her insurance policy by not timely reporting the March 12, 2009 accident or cooperating with American Family's efforts to obtain pertinent records.  In its reply, American Family added an additional argument that it was also entitled to judgment as a matter of law on Hauger's bad faith and statutory claims because no reasonable jury could find that American Family acted unreasonably in the handling and denial of Plaintiff's claim for UIM benefits.  I disagree.

While I generally do not even review arguments that are raised for the first time in a reply brief, *Beaudry v. Corr. Corp. Of Am.,* 331 F.3d 1164, 1166 n.3 (10th Cir. 2003), American Family's new argument is easily rejected on its merits even without the benefit of a response from Hauger.  Specifically, American Family relies on essentially the same facts regarding Plaintiff's failure to provide or to assist American Family in obtaining information pertinent to the March 12, 2009 accident to support its argument that it did not act unreasonably in the handling and denial of Plaintiff's claim as a matter of law. Whether American Family acted unreasonably under the circumstances of this case, including Hauger's own conduct, is a

question of fact to be decided by the jury.

### IV. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that American Family's Motion for Summary Judgment Regarding Plaintiff's Claims [Doc # 32] is DENIED.

Dated: January   14  , 2016 in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE